UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHAWN SIMON,

    Movant,

v.                                     Case No. 2:01-cr-00060-2
                                        Case No. 2:04-cv-01159

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are (a) Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on October 26, 2004 (docket sheet document # 655), and (b) his letter to the Hon. Joseph R. Goodwin, dated June 30, 2005, which has been construed as a motion filed pursuant to 18 U.S.C. § 3582(c) (# 728).[1]

Movant, Shawn Simon (hereinafter referred to as "Defendant"), is serving a 65 month period of imprisonment, reduced from 240 months, to be followed by a three year term of supervised release, reduced from six years, upon his guilty plea to possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). (Judgment in a Criminal Case, # 394, entered

---

[1] Upon closer reading, the letter should have been construed as an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. However, because the letter/motion is without merit, there is no need to modify the docketing or the characterization of the relief sought.

November 29, 2001; Amended Judgment, # 485, entered December 20, 2002.) The presiding district judge also imposed a special assessment of $100.00, and waived imposition of a fine. <u>Id.</u> Defendant did not take a direct appeal.

In his § 2255 Motion, Defendant asserts five grounds for relief [spelling corrected]:

> A. Ground one: Denial of effective assistance of counsel. My attorney failed to challenge the credibility of the conspirators, where the information contained in the PSR [presentence report] came from. Trial counsel failed to call the conspirators co-defendants as witnesses to refute some of the information contained in the PSR at his request to do so.
>
> B. Ground two: My attorney never informed me that relevant conduct was part of my plea agreement. I should have only been sentenced for what I possessed and pleaded guilty to which was 3.2 grams of cocaine base.
>
> C. Ground three: Apprendi v. New Jersey - Blakely v. Washington. My claim involves a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.
>
> D. Ground four: I didn't get to face my accusers by having my attorney cross-examine them. <u>James</u> hearing is held to determine whether out of court statements of alleged co-conspirators should be admitted into evidence otherwise it is hearsay evidence.
>
> E. Ground five: I was also given a two point enhancement for out-of-court statements that was never proven to a jury by preponderance of any evidence. The amount of relevant conduct I was charged with was 283.6 grams of cocaine base.

(§ 2255, at 4-5.)

<u>The § 2255 Motion is Untimely.</u>

Prior to 1996, a Motion to Vacate, Set Aside or Correct

2

Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996, (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about December 11, 2001 (or January 2, 2003, for the Amended Judgment), when the time for filing a notice of appeal expired. More than one year elapsed between January 2, 2003 and the filing of the motion on October 26, 2004, and none of the other events specified in section 2255 are applicable in this case. Therefore, the undersigned proposes that the presiding district judge **FIND** that Defendant's Motion is untimely.

<u>Blakely has not been applied retroactively.</u>

On January 12, 2005, the Supreme Court decided <u>United States</u>

3

v. Booker, 125 S. Ct. 738 (2005), which reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), applied the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

On November 7, 2005, the United States Court of Appeals for the Fourth Circuit held:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before Booker (or Blakely) was decided.

United States v. Morris, No. 04-7889, slip op. at 11 (4th Cir. Nov. 7, 2005).

Nine other Circuit Courts of Appeals previously reached the same conclusion and ruled that Booker does not apply retroactively

4

to cases on collateral review. See <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005); <u>Padilla v. United States</u>, 416 F.3d 424 (5th Cir. 2005)(per curiam); <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005)(per curiam); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.), <u>cert. denied</u>, No. 05-5187, ___ S. Ct. ___, 2005 WL 3144193 (Nov. 28, 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir.), <u>cert. denied</u>, 126 S. Ct. 199 (2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir.)(per curiam), <u>cert. denied</u>, 126 S. Ct. 312 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir.), <u>cert. denied</u>, 125 S. Ct. 2559 (2005). Not one circuit court of appeals has decided that <u>Blakely</u> or <u>Booker</u> applies retroactively on collateral review.

Based on <u>Morris</u>, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before <u>Blakely</u> and <u>Booker</u> were decided, and that neither <u>Blakely</u> nor <u>Booker</u> applies retroactively on collateral review.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court **DISMISS** Movant's Motion filed pursuant to 28 U.S.C. § 2255 as untimely.

Defendant's letter dated June 30, 2005 (# 728) reads, in

5

pertinent part, as follows:

> I am writing to ask your leniency to consider a three month reduction from the statutory sentence you imposed for my conviction of Possession with Intent to Distribute Cocaine Base. I respectfully make this request because FCI-Beckley has denied a reduction in my sentence after successfully completing the Federal Bureau of Prisons (BOP) residential drug abuse program (RDAP). I will graduate from the RDAP on July 7, '05.
>
> Before being sentenced in you[r] court, I was given a two-point enhancement for possession of a firearm in connection with my conviction based on hearsay evidence. As a result, the BOP, pursuant to the revised 28 C.F.R. Section 550.58 and Program Statement 5164.04, has denied me early release consideration due to the sentence enhancement. As you are aware, "[s]everal federal district courts have held that the denial of early release to a prisoner under the new regulation and program statement based solely on a sentencing enhancement for firearm possession conflicts with the plain, unambiguous language of the statute." See Samples v. Scibana, 74 F. Supp.2d 702, [705] (E.D. Mich. 1999). I have exhausted the administrative remedy process in an attempt to have the institution reconsider my particular situation to no avail.
>
> At my sentencing, you gave me some words of encouragement to utilize my time wisely. In particular, the educational phases of the RDAP, Rational Self-Counseling, Living With Others, Criminal Lifestyles and Relapse Prevention has changed my thinking, and now I can strive to be a good example for my family and children.
> * * *

After Samples v. Scibana was decided, the Supreme Court addressed the issue of whether inmates with a firearm enhancement were eligible for early release. The Supreme Court held, in Lopez v. Davis, 531 U.S. 230, 244 (2001), that "the regulation at issue [28 C.F.R. § 550.58] is a permissible exercise of the BOP's discretion under [18 U.S.C.] § 3621(e)(2)(B)."

6

Based on <u>Lopez</u>, the undersigned proposes that the presiding district judge **FIND** that Defendant is not entitled to any relief as requested in the letter dated June 30, 2005, and it is respectfully **RECOMMENDED** that such relief be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such

7

objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Shawn Simon, and to counsel of record.

December 16, 2005
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge